**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

POPICORNS E-COMMERCE CO., LIMITED,

Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, and UNINCORPORATED
ASSOCIATES IDENTIFIED ON SCHEDULE
"A,"

Defendants.

**Case No. 1: 26-cv-2240**

**The Honorable Elaine E. Bucklo**

**Magistrate Judge the Honorable M.
David Weisman**

**PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF A TEMPORARY
RESTRAINING ORDER, INCLUDING A TEMPORARY ASSET RESTRAINT,
AND EXPEDITED DISCOVERY**

**NOW COMES** Popicorns E-Commerce Co., Limited ("Plaintiff"), by and through

Plaintiff's undersigned counsel, and submits this *Ex Parte* Motion for Entry of a

Temporary Restraining Order and Expedited Discovery ("*Ex Parte* Motion").

**TABLE OF CONTENTS**

I. **INTRODUCTION** …………………………………………………………..1

II. **BACKGROUND** …………………………………………………...............1

    A. Plaintiff and Its Products …………………………………………………...1

    B. Defendants' Unlawful Activities ……………………………. …………...............2

III. **ARGUMENT** ………………………………………………………….. 3

    A. Applicable Standards …………………………………….…………………...3

    B. Plaintiff is Likely to Succeed on the Merits. …………………………………..7

    C. There is No Adequate Remedy at Law, and Plaintiff Will Suffer Irreparable Harm in the Absence of Preliminary Relief. …………………………………….………..8

    D. The Balancing of Harms Weighs in Plaintiff's Favor and the Public Interest is Served by Entry of the Injunction. ……………………………………………………10

    E. A Temporary Restraining Order Will Not Harm the Public Interest. ………...11

IV. **PLAINTIFF IS ENTITLED TO EQUITABLE RELIEF**. …11

    A. A Temporary Restraining Order Immediately Enjoining Defendant's Unauthorized Use of the Plaintiff's Design Patent is Appropriate…………………………………...........12

    B. Preventing the Wrongful Transfer of Assets is Appropriate. ………………..... 13

    C. Plaintiff is Entitled to Expedited Discovery …………………………………..14

V. **A BOND SHOULD SECURE THE INJUNCTIVE RELIEF** …………………15

VI. **CONCLUSION** …………………………………………………………...16

## I. INTRODUCTION

Plaintiff is requesting temporary *ex parte* relief based on an action for design patent infringement against defendants identified in the Schedule "A" to the Complaint (collectively, "Defendants"). As detailed and elaborated in the Complaint, Defendants making, using, importing, selling, and/or offering for sale products that infringe upon Plaintiff's federally registered patent (collectively, the "Unauthorized Products") through at least the fully interactive e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint (the "Seller Aliases").

Defendants explicitly target sales to Illinois residents by setting up and operating e- commerce stores using one or more Seller Aliases through which Illinois residents can purchase infringing products. The e-commerce stores operating under the Seller Aliases have similar and legibly apparent characteristics that establish a common logical relationship between them. The purpose of Defendants operating under these numerous Seller Aliases is to conceal their identities and obfuscate the full scope of their coordinated infringement operation. Plaintiff must file this action to combat Defendants' infringement of Plaintiff's Design Patent and the irreparable injury Defendants' infringement continues to inflict on Plaintiff and safeguard Illinois consumers from purchasing Unauthorized Products over the Internet. Defendants' unlawful activities should be restrained. Plaintiff respectfully requests that this Court issue ex parte a Temporary Restraining Order, Temporary Asset Restraint, and Expedited Discovery.

## II. BACKGROUND

### A. Plaintiff and Its Products

Plaintiff, Popicorns E-Commerce Co., Limited, is a Hong Kong limited company

1

and the owner, by assignment, of Plaintiff's Design Patent, as identified in the Complaint, the patent asserted in this action. Plaintiff is the owner and licensor of and maintains exclusive control of Plaintiff's Design Patent. *See* Complaint.

Plaintiff has invested substantial resources, time, money, and commercial effort in order to create and develop Plaintiff's products and design. Plaintiff provides notice of its patent rights directly on the packaging of all of Plaintiff's Products and on Plaintiff's website. Plaintiff's Design Patent was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35 U.S.C. § 282.

**B. Defendants' Unlawful Activities**

The success of the Plaintiff's Products has resulted in significant infringement of Plaintiff's Design Patent. *Id*. at ¶ 29. Recently, Plaintiff has identified many fully interactive e-commerce stores offering Unauthorized Products on online marketplace platforms like Amazon.com, Inc. ("Amazon"), Wayfair Inc. ("Wayfair") and Lowe's Companies, Inc. ("Lowe's"), including the e-commerce stores operating under the Seller Aliases. *Id*., see also Exhibit 3 of the Complaint. The Seller Aliases target consumers in this Judicial District and throughout the United States.

Plaintiff's well-pleaded allegations regarding registration patterns, similarities among the e-commerce stores operating under the Seller Aliases, similarities between the Unauthorized Products sold by Defendants, and common tactics employed to evade enforcement efforts, establish a logical relationship among the Defendants and demonstrate that Defendants are interrelated.

2

### III. ARGUMENT

Defendants' purposeful, intentional, and unlawful conduct is causing and, unless enjoined, will continue to cause irreparable harm to Plaintiff, along with its reputation, goodwill, and market share. To stop this harm, Plaintiff respectfully requests that this Court issue a temporary restraining order and, following any necessary hearing, a preliminary injunction ordering, among other things, the immediate cessation of sales of the infringing products, a recall of all infringing products currently on store shelves, and a cessation of advertisements for the infringing products. Without the relief requested by this Motion, Defendants' unlawful activity will continue unabated, and Plaintiff will continue to suffer irreparable injury for which there is no adequate remedy at law. The issuance of an ex parte TRO is warranted and necessary here to immediately halt Defendants' continued exploitation and unlawful profiting from the patented design. This relief will prevent further consumer confusion and irreparable harm while preserving the status quo until a full hearing can be held. Without such immediate intervention, Defendants will continue to benefit from their wrongful conduct at Plaintiff's expense, further exacerbating the harm caused to Plaintiff's rights, reputation, and business interests.

#### A. Applicable Standards

Courts within this District apply the same standard for granting a temporary restraining order as for granting a preliminary injunction. *See, e.g.*, *Long v. Bd. Of Educ.*, Dist. 128, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001) ("standards for issuing temporary restraining orders are identical to the standards for preliminary injunctions"). Generally, the party seeking an injunction must show that: (1) the movant is likely to succeed on the merits; (2) irreparable harm will result if the relief is not granted; (3) the balance of

3

hardships to the parties weighs in the movant's favor; and (4) the public interest is best served by granting the injunctive relief. *See Titan Tire Corp. v. Case New Holland*, 566 F.3d 1372, 1375-76 (Fed. Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Abbott Labs v. Sandoz, Inc.*, 500 F. Supp. 2d 807, 815-16 (N.D. Ill. 2007) (citing *Polymer Techs., v. Bridwell*, 103 F.3d 970, 973 (Fed. Cir. (1996)).

Once the Court is satisfied that these three conditions have been met, then it must consider the harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Id*. Finally, the Court must consider the potential effect on the public interest (non-parties) in denying or granting the injunction. *Id*. The Court then weighs all of these factors, "sitting as would a chancellor in equity," when it decides whether to grant the injunction. *Id.* This process involves engaging in what the Court has deemed "the sliding scale approach" – the more likely the plaintiff will succeed on the merits, the less the balance of harms need favor the plaintiff's position. *Id.*

1. Standards for Likelihood of Success on the Merits as to Patent Infringement and Unfair Competition Claims

"Design patent infringement occurs when a party, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied." *ABC Corp. I v. P'ship & Unincorporated Ass'ns Identified on Schedule "A"*, 52 F.4th 934, 941 (Fed. Cir. 2022). The core of design patent infringement is whether, "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to

purchase one supposing it to be the other." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015).

While "[u]nfair competition originally was an extension of trademark law," the Supreme Court case *International News Service v. Associated Press*, "expanded the parameters of unfair competition beyond 'palming off' by refusing to 'concede that the right of equitable relief is confined to [trademark] class of cases,' although those cases were still the most common." *Wilson v. Electro Marine Sys.*, 915 F.2d 1110, 1118 (7th Cir. Oct. 4, 1990) (*quoting* 248 U.S. 215, 241-242 (1918)). Some courts have interpreted this to mean that the "'essence of an unfair competition claim under New York law is that the defendant has misappropriated the labors and expenditures of another . . . Central to this notion is some element of bad faith.'" *Id*. (*quoting Saratoga Vichy Spring Co., Inc. v. Lehman*, 625 F.2d 1037, 1044 (2d Cir. 1980)). The Seventh Circuit also stated that this body of non-trademark unfair competition law "has evolved around the theory that at times business competitors engage in activity which, while perhaps not actionable under other commercial tort theories, so 'shocks judicial sensibilities' or violates 'standards of commercial morality'" that it cannot be tolerated. *Id*. (*citing Margarete Steiff, Inc. v. Bing*, 215 F. 204 (D.N.Y. 1914); *People ex rel. Mosk v. National Research Co.*, 201 Cal. App. 2d 765 (1962)).

Additionally, other areas of U.S. law define "unfair methods of competition" to include patent infringement. Section 337 of the Tariff Act of 1930 defines unfair methods of competition to include "infringe a valid and enforceable United States patent." 19 U.S.C. § 1337(a)(1)(B). Here, as outlined below, Defendants have engaged in unfair competition not only by infringing upon Plaintiff's patent rights but doing so in a manner

5

that is designed to evade prosecution of that claim and to shield potentially collectable assets from the Court's jurisdiction.

    2.        <u>Standards for Remaining Factors</u>

The second factor, irreparable harm, means harm that cannot be fully remedied by a final judgment in the plaintiff's favor. *See H-D, USA, LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-C-3581, 2021 U.S. Dist. LEXIS 187253, at *10 (N.D. Ill. Sept. 24, 2021) (citing *Kraft Foods Brands LLC v. Cracker Barrel Old Country Stores*, Inc., 735 F.3d 735, 740 (7th Cir. 2013). Irreparable harm can be shown by, for example, loss of customers and market share, particularly where the specific loss of customers is not easily quantifiable, and loss of goodwill and reputation. *See e.g.*, *Life Spine, v. Aegis Spine, Inc*., 8 F.4th 531, 545-45 (7th Cir. 2021). Likewise, while the Supreme Court has rejected a presumption of irreparable harm stemming from the right to exclude in patent cases (*see eBay, v. MercExchange, LLC*, 547 U.S. 388 (2006)), that holding does not "swing the pendulum in the opposite direction" and thus "[w]hile a patentee's right to exclude alone cannot justify an injunction, it should not be ignored either." *Robert Bosch, LLC v. Pylon Mfg. Corp*., 659 F.3d 1147, 1149 (Fed. Cir. 2011).

The third factor, the balance of hardships, is measured by weighing the possibility of irreparable harm to the non-moving party if the injunction is issued, balanced against the irreparable harm the moving party will suffer if the relief is denied. *See Ty, v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). This has been described as a "sliding scale" analysis. *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). The more likely Plaintiff is to succeed on the merits, the less the balance of harms needs to weigh in its favor. *Chicagoland Aviation, LLC v. Todd*, Case No. 12-c-1139, 2012 U.S. Dist.

6

LEXIS 167796, *6 (N.D. Ill. November 27, 2012) (citing *Christian Legal*, 453 F.3d at 859). The Court weighs these factors, "sitting as would a chancellor in equity," when deciding whether to grant the requested injunction. *Ty, Inc.*, 237 F.3d at 895 (quoting *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992)).

### B. Plaintiff is Likely to Succeed on the Merits.

Plaintiff alleges infringement of Plaintiff's Design Patent and unfair methods of competition under the Lanham Act and is likely to succeed on the merits of both claims. To establish a likelihood of success on the merits of its patent infringement claims, Plaintiff "must show that it will likely prove infringement, and that it will likely withstand challenges, if any, to the validity of the patent." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1376 (Fed. Cir. 2009). Plaintiff satisfies these requirements as explained below.

The element of infringement can be proven easily. "Design patent infringement occurs when a party, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied." *ABC Corp. I v. P'ship & Unincorporated Ass'ns Identified on Schedule "A"*, 52 F.4th 934, 941 (Fed. Cir. 2022). The core of design patent infringement is whether, "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015). The designs of Plaintiff's and Defendant's products share a substantial similarity including the decorative elements and overall style. Defendant has applied the patented design on their own

7

products, with such a high level of similarity that ordinary consumers are unlikely to distinguish between them as illustrated in Complaint [1].

For validity concerns, an issued United States patent is given a statutory presumption of validity. *See* 35 U.S.C. § 282; *Advanced Commc'n Design, Inc. v. Premier Retail Networks, Inc.*, 46 Fed. App'x 964, 983 (Fed. Cir. 2002). Invalidity is generally proven by demonstrating that the patented invention is either anticipated or rendered legally obvious by the prior art. *See* 35 U.S.C. §§ 102-103. Plaintiff is not aware of any evidence that would tend to anticipate or render obvious the claims of the Asserted Patent. Further, various secondary considerations support the non-obviousness of the Asserted Patent. *See Wyers v. Master Lock Co.*, 616 F.3d 1231, 1245 (Fed. Cir. 2010) (discussing "secondary indicia of non-obviousness" such as commercial success and copying). Plaintiff has enjoyed significant commercial success with its patented product, which provides secondary considerations suggesting that the Asserted Patent is not obvious. *See, e.g., Spectralytics, Inc. v. Cordis Corp.*, 649 F.3d 1336, 1344 (Fed. Cir. 2011).

As mentioned above, Plaintiff has compared Defendant's Infringing Products with Plaintiff's own. The identical design suggests that the Infringing Products were exactly manufactured with Plaintiff's patented design. Therefore, Plaintiff will likely be able to prove that the accused products infringed the Asserted Patent, and Defendant will not be able to prove that the Asserted Patent is invalid. Accordingly, Plaintiff is likely to succeed on the merits of the patent infringement and unfair competition claims.

C. **There is No Adequate Remedy at Law, and Plaintiff Will Suffer Irreparable Harm in the Absence of Preliminary Relief.**

Irreparable harm resulting from patent infringement is demonstrated when

"remedies available at law, such as monetary damages, are inadequate to compensate for [that] injury." *Robert Bosch LLC v. Pylon Manufacturing Corp.*, 659 F.3d 1142, 1148 (Fed. Cir. 2011). At this stage, Plaintiff only needs to show that irreparable harm is likely. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Here, Plaintiff is likely to suffer two primary forms of irreparable harm: (1) loss of customers' goodwill, and (2) reputational harm. Each of these harms, independently, constitutes irreparable harm and offers a basis on which preliminary relief should issue. *See EnVerve, Inc. v. Unger Meat Co.*, 779 F. Supp. 2d 840, 844 (N.D. Ill. 2011).

Defendant's infringement of Plaintiff's patent by selling infringing products is likely to cause consumer confusion with Plaintiff's genuine products, resulting in harm to Plaintiff's reputation and loss of customers' goodwill. "Harm to reputation resulting from confusion between an inferior accused product and a patentee's superior product is a type of harm that is often not fully compensable by money because the damages caused are speculative and difficult to measure." *Reebok Int'l v. J. Baker*, 32 F.3d 1552, 1558 (Fed. Cir. 1994); *see also Tuf-Tite, Inc. v. Fed. Package Networks*, No. 14-cv-2060, 2014 WL 6613116, at *8 (N.D. Ill. Nov. 21, 2014).

Finally, because Defendants are individuals and businesses who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions with no U.S. presence, all monetary based judgement is highly likely to be uncollectible. *E.g.*, *Aevoe Corp. v. AE Tech Co.*, Ltd., No. 2:12-cv-0053, 2012 WL 760692, at *5 (D. Nev. Mar. 7, 2012) ("[A] finding of irreparable harm was not clearly erroneous because it also found that since AE Tech is a foreign corporation, money damages would be insufficient."); *Otter Prods. v. Anke Group Indus. Ltd.*, 2:13-cv-00029, 2013 WL 5910882, at *2 (D.

9

Nev. Jan. 8, 2013) ("because Anke has no presence in the United States, it may be difficult or impossible for Otterbox to enforce a monetary judgement against Anke"); *Bushnell, Inc. v. Brunton Co.*, 673 F. Supp.2d 1241, 1263 (D. Kan. 2009) (granting preliminary injunction; "the prospect of collecting money damages from a foreign defendant with few to no assets in the United States tips in favor of a finding of irreparable harm"); *Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd.*, 166 F. Supp. 3d 1177, 1179 (D. Nev. 2016) ("[B]ecause Bestwinn has no presence in the United States, it may be difficult or impossible for NIKE to recover a money judgement against <u>Bestwinn</u>"). Immediate action is necessary to freeze Defendants' assets and prevent the dissipation of funds before they can evade accountability. The issuance of a Temporary Restraining Order is essential to preserve the status quo and ensure the availability of equitable relief.

For the reasons stated above, Plaintiff will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

**D. The Balancing of Harms Weighs in Plaintiff's Favor and the Public Interest is Served by Entry of the Injunction.**

As noted above, if the Court is satisfied that Plaintiff has demonstrated (1) a likelihood of success on the merits, (2) no adequate remedy at law, and (3) the threat of irreparable harm if preliminary relief is not granted, then the Court must next consider the harm that Defendants will suffer if preliminary relief is granted, balancing such harm against the irreparable harm Plaintiff will suffer if relief is denied. Ty, Inc., 237 F.3d at 895. As willful infringers, Defendants are entitled to little equitable consideration. This is because any harm to Defendants that could possibly result from a temporary restraining

order is self-inflicted. Plaintiff did not unduly delay in bringing this action. (Declaration of Owner at ¶ 17). Defendants took a calculated risk when they engaged in patent infringement and their supposed "harm" should be given minimal deference.

Through their unauthorized sales, Defendants have been profiting from the accused infringing products and harming Plaintiff's reputation and goodwill. Thus, the balance of equities tips decisively in Plaintiff's favor. The public is currently under the false impression that Plaintiff has granted a license or permission to Defendants with respect to Plaintiff's patented product. In this case, the injury to the public is significant, and the injunctive relief that Plaintiff seeks is specifically intended to remedy that injury by dispelling the public confusion created by Defendants' actions. As such, equity requires that Defendants be ordered to cease its unlawful conduct.

Defendants will suffer no harm that was not warranted by their infringing actions if the Court grants Plaintiff's request for a Temporary Restraint Order. Plaintiff's risk of serious irreparable harm greatly outweighs the minor harm to Defendants. The TRO would also be in the best interest of the public to safeguard consumers from further unlawful infringement on behalf of Defendants. Accordingly, this Court should grant Plaintiff's request for a Temporary Restraining Order.

### E. A Temporary Restraining Order Will Not Harm the Public Interest

The starting point for analysis of the public interest is favoring protection of a patentee like Plaintiff because of the "strong public policy favoring the enforcement of patent rights." *PPG Indus., v. Guardian Indus. Corp.*, 75 F.3d 1558, 1567 (Fed. Cir. 1996). Thus, the inquiry should be "whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Hybritech, v. Abbott Labs.*, 849 F.2d 1446, 1458 (Fed. Cir. 1998). Here, there is no public interest, let alone a critical one, that

11

will be injured by the grant of the requested relief. The public has an interest in the functioning of its patent system and in encouraging fair business practices. *See PPG*, 75 F.3d at 1567. Accordingly, no public interest will be harmed by an injunction.

## IV. PLAINTIFF IS ENTITLED TO EQUITABLE RELIEF.

The Patent Act authorizes courts to "grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. The Lanham Act authorizes courts to issue injunctive relief "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation" under 15 U.S.C. § 1125(a)."15 U.S.C. § 1116(a).

In cases involving intellectual property rights that have multiple online sellers infringing the rights, the necessity of equitable relief including injunctions has been well-established. It is common to issue injunctive orders to ensure enforcement efforts in the end. Many attorneys have realized the issue and have made multiple declarations in relevant cases to support the issuance of injunctive reliefs. See Exhibits 1 to 3.

### A. A Temporary Restraining Order Immediately Enjoining Defendants' Unauthorized and Unlawful Use of the Plaintiff's Design Patent is Appropriate.

Plaintiff requests a Temporary Injunction requiring the Defendants to immediately cease making, using, offering, for sale, selling, and importing any products not authorized by Plaintiff and that includes any reproduction, copy, or colorable imitation of the designs owned by Plaintiff. Such relief is necessary to stop the ongoing harm to Plaintiff's control over Plaintiff's rights to the Plaintiff design patent, Plaintiff's brand, associated goodwill, as well as harm to consumers, and to prevent the Defendants from continuing to benefit and unjustly enrich themselves from unauthorized use of Plaintiff's design patent. The

12

need for *ex parte* relief is necessitated by today's global economic conditions where infringers can operate anonymously over the Internet and often escape the jurisdictional reach of the authorities. Plaintiff is presently unaware of both the true identities and locations of the Defendants, as well as other ecommerce stores used to distribute Defendants infringing products. Courts have often authorized immediate injunctive relief in similar cases involving the sale of infringing products. *See*, *e.g.*, *Nike, Inc. v. Fujian Bestwinn Industry Co.*, Ltd., 166 F. Supp. 3d 1177, 1178-79 (D. Nev. 2016).

### B. Preventing the Wrongful Transfer of Assets is Appropriate.

Plaintiff requests an *ex parte* restraint of Defendants' assets so that Plaintiff's right to an equitable accounting of Defendants' profits from Defendants' sales of infringing products is not frustrated. Issuing an *ex parte* restraint will ensure Defendants' compliance. If such a restraint is not granted in this case, Defendants may ignore their instructions from the Court and merely transfer financial assets overseas to accounts out of reach of this jurisdiction. Specifically, upon information and belief, the Defendants in this case hold most of their assets in offshore accounts, making it simple to dispose or remove assets, which will render an accounting by Plaintiff to be ineffective and meaningless.

Courts have the authority to issue prejudgment asset restraints when a plaintiff's complaint seeks relief in equity. *Black & Decker Corp. v. Positec USA Inc.,* 118 F. Supp. 3d 1056, 1066 (N.D. Ill. 2015) (citing *Reebok Int'l v. Marnatech Enters.*, 970 F.2d 552, 559 (9th Cir. 1992)). Plaintiff has demonstrated a strong likelihood of success on the merits of Plaintiff's design patent infringement claim under 35 U.S.C. § 284, and Plaintiff is entitled to recover the extent of Defendants' total profits. 15 U.S.C. § 1117(a).

13

Plaintiff seeks, among other relief, that Defendants account for and pay to Plaintiff all profits realized by Defendants due to their unlawful acts. This Court should therefore grant Plaintiff's request for a prejudgment asset freeze to preserve the effectiveness of the relief sought.

Courts have the inherent authority to issue a prejudgment asset restraint when plaintiff's complaint seeks relief in equity. *Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007). The Court recognized it was proper to restrain said assets when the plaintiff was seeking equitable relief. *Grupo Mexicano, de Desarrollo, S.A. v. Alliance Bond Fund*, 527 U.S. 308, 325 (1999) (finding that an asset freeze was warranted when the plaintiff sought a disgorgement of profits, an equitable remedy).

Plaintiff has shown a clear likelihood of success on the merits and an immediate and irreparable harm incurred due to Defendants' infringement. Unless Defendants' assets are frozen, Defendants will hide or move their unlawfully obtained funds to offshore bank accounts. Accordingly, an asset restraint is proper.

In the absence of an ex parte restraining order, Defendants could and likely would evade from liability imposed by the Court. See Declaration of Di Li. Meanwhile, there is no treaty between the United States and China establishing recognition of judgments from United States courts in China, further rendering enforcement of judgment more difficult. See Exhibit 1.

### C. Plaintiff is Entitled to Expedited Discovery

The United States Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." Vance v. Rumsfeld, No. 1:06-cv-06964, 2007 WL 4557812, at *6

14

(N.D. Ill. Dec. 21, 2007). (*quoting* <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)). Courts have wide latitude in determining whether to grant a party's request for discovery. <u>Id</u>. (citation omitted). Furthermore, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. *See* Fed. R. Civ. P. 26(b)(2). Plaintiff respectfully requests expedited discovery to discover bank and payment system accounts Defendants use for their sales operations. The expedited discovery requested in Plaintiff's Proposed TRO is limited to include only what is essential to prevent further irreparable harm. Discovery of these financial accounts so that they can be frozen is necessary to ensure that these activities will be contained. *See*, *e.g.*, *Deckers Outdoor Corp. v. The P'ships, et al.,* No. 15-cv-3249 (N.D. Ill. April 21, 2015). Plaintiff's seizure and asset restraint may have little meaningful effect without the requested relief. Accordingly, Plaintiff respectfully requests that expedited discovery be granted.

## V. A BOND SHOULD SECURE THE INJUNCTIVE RELIEF

The posting of security upon issuance of a TRO or preliminary injunction is vested in the Court's sound discretion. USA-Halal Chamber of Commerce, Inc. v. Best Choice Meats, Inc., 402 F. Supp. 3d 427, 441 (N.D. Ill. 2019). Because of the strong and unequivocal nature of Plaintiff's evidence of design patent infringement, Plaintiff respectfully requests that this Court require Plaintiff to post a bond of no more than ten thousand U.S. dollars ($10,000.00). See, e.g., Deckers Outdoor Corporation v. The P'ships, et al., No. 15-cv-3249 (N.D. Ill. April 21, 2015) (unpublished) ($10,000 bond).

## VI. CONCLUSION

Due to the strong likelihood of success on the merits of Plaintiff's case and the irreparable harm that would result without an injunction, Plaintiff respectfully requests that its temporary restraining order be immediately granted.

Dated: March 2, 2026
                                              Respectfully submitted,

/s/ Di Li
Di Li, Esq.
di@dililaw.com
DI LI LAW, PROFESSIONAL
CORPORATION
18725 Gale Ave., Ste 208
City of Industry, CA 91748
Tel.: (626) 723-4849
Fax.: (626) 956-0744

*Counsel for Plaintiff,*
*Popicorns E-Commerce Co., Limited.*

16